# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5151 PA (AGRx) | Date | July 17, 2012 |
|---|---|---|---|
| Title | Gregory Oden v. CIGNA Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

     Before the Court is a Notice of Removal filed by defendants CIGNA Corporation; Connecticut General Life Insurance Company; Life Insurance Company of North America; and Benefit Service Center, Inc. ("Defendants"). Defendants assert that this Court has jurisdiction over the action brought against them by plaintiff Gregory Oden ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

     In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

UNITED STATES DISTRICT COURT JS - 6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5151 PA (AGRx) | Date | July 17, 2012 |
|---|---|---|---|
| Title | Gregory Oden v. CIGNA Corporation, et al. | | |

      Here, the Notice of Removal alleges that "Defendants are informed and believe that Plaintiff Oden is, and at all times relevant, was a resident of Los Angeles County, California, and a citizen of the State of California." (Notice of Removal at ¶ 7.) However, Plaintiff's Complaint alleges only that "[a]t all times relevant herein, Plaintiff was, and now is, a resident of Los Angeles, State of California." (Complaint at ¶ 1.) Defendant's allegation of Plaintiff's citizenship is not sufficient. The Ninth Circuit has held that "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kantor, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). Thus, because Removing Defendant has alleged Plaintiff's citizenship on "information and belief," the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship. Defendants' allegations are accordingly insufficient to invoke this Court's diversity jurisdiction.

      Furthermore, removal is not permitted where one of the defendants is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Although Defendants acknowledge in their Notice of Removal that defendant Benefit Service Center, Inc. ("BSC") is a citizen of California, they contend that BSC's citizenship should be ignored because it has been fraudulently joined to defeat removal. If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

      "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42–43 (5th Cir. 1992)). "'Fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony.'" Morris, 236 F.3d at 1068 (quoting Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 263 (5th Cir.1995)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. See id.

UNITED STATES DISTRICT COURT JS - 6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5151 PA (AGRx) | Date | July 17, 2012 |
|---|---|---|---|
| Title | Gregory Oden v. CIGNA Corporation, et al. | | |

     Plaintiff's Complaint alleges that he was improperly denied life insurance benefits under a dependant life insurance policy purchased from Defendants.  Defendants contend that BSC was fraudulently joined because "BSC's sole involvement with the policy was the performance of ministerial and administrative tasks for the County of Los Angeles life insurance program" and BSC has "no responsibility or authority to determine whether the claims under that policy are payable."  (Notice of Removal at ¶¶ 16, 18.)  However, Defendants have provided no evidence or legal authority demonstrating that BCS could not be found liable for the claims asserted in Plaintiff's Complaint.  Thus, neither the Complaint nor the Notice of Removal forecloses the possibility of Plaintiff succeeding on his claims against BSC.  Based on these allegations, the Court cannot conclude that BSC has been fraudulently joined.  Therefore, in addition to failing to properly allege Plaintiff's citizenship, Defendants have failed to demonstrate that the required complete diversity exists.

     Because Defendants have not met their burden to demonstrate the Court's diversity jurisdiction, the Court remands this action to the Los Angeles County Superior Court, Case No. BC 484583.  See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.